IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 354,<br><br>     Plaintiff,<br><br>vs.<br><br>WASATCH FRONT ELECTRIC AND CONSTRUCTION, LLC and LARSEN ELECTRIC, LLC,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT<br><br><br><br>Case No. 2:05-CV-955 TS |

Before the Court are cross motions for summary judgment. Plaintiff argues that Defendant Wasatch Front Electric ("WF Electric") did not properly terminate its collective bargaining contract and relationship with Plaintiff and is thereby bound by the 2005 Collective Bargaining Agreement. Further, Plaintiff argues that Larsen Electric is the alter-ego of WF Electric and is, therefore, also bound by the 2005 Collective Bargaining Agreement. Defendants argue that WF Electric did not consent to be bound by the 2005 Collective Bargaining Agreement. Defendants further argue that WF Electric timely withdrew from the previous Collective Bargaining Agreement and terminated its relationship with the Intermountain Chapter,

1

NECA, Inc. Therefore, Defendant WF Electric argues that it is not bound by the 2005 Collective Bargaining Agreement and, as a result, neither is Larsen Electric.

## I.  FACTUAL BACKGROUND

For purposes of these Motions, the facts are as follows.  In 1996, Defendant WF Electric General Manager Scott Larsen signed a Letter of Assent authorizing the "Intermountain Chapter, NECA,[1] Inc. as its collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved inside labor agreement between the Intermountain Chapter, NECA, Inc. and Local Union 354, IBEW."[2]  The Letter of Assent also provided that "[i]t shall remain in effect until terminated by the undersigned employer giving written notice to the Intermountain Chapter, NECA, Inc. and to the Local Union at least one hundred fifty (150) days prior to the then current anniversary date of the applicable approved labor agreement."

IBEW Local 354 and the Intermountain Chapter, NECA, entered into an Inside Wireman Agreement that was in effect from June 1, 2003 thru May 31, 2005 (the "2003 Collective Bargaining Agreement" or "2003 Agreement").[3]  The 2003 Collective Bargaining Agreement applies "to all firms who sign a Letter of Assent to be bound by the terms of this agreement."[4] The Agreement provides that "[e]ither party or an Employer withdrawing representation from the Chapter or not represented by the chapter, desiring to change or terminate this agreement must provide written notification at least 90 days prior to the expiration date of the Agreement or any

---

[1]NECA stands for the National Contractors Association, Inc.

[2]Docket No. 39, Exhibit A.

[3]*Id*., Exhibit B.

[4]*Id*., Exhibit B at Preamble.

anniversary date occurring thereafter."[5]  Employer is defined as "an individual firm who has been recognized by an assent to this agreement."[6]

On February 28, 2005, Scott Larsen with WF Electric prepared a Notice of Termination and Withdrawal.[7]  The Notice of Termination and Withdrawal states "that WF Electric terminates its Letter of Assent and withdraws from the Original Agreement."[8]  The Notice of Termination and Withdrawal was addressed to the Intermountain Chapter, National Electrical Contractors Assoc. and the International Brotherhood of Electrical Workers, Local Union No. 354.  The addressed contained on the Notice, however, has an incorrect address for Local Union No. 354.[9]  Larsen's Affidavit states that he addressed the envelope with the correct address.[10]  Plaintiff disputes that it ever received the Notice of Termination and Withdrawal.

IBEW Local 354 and the Intermountain Chapter, NECA, entered into an Inside Wireman Agreement that is in effect from June 1, 2005 thru May 31, 2007 (the "2005 Collective Bargaining Agreement" or "2005 Agreement").[11]  The 2005 Collective Bargaining Agreement

---

[5]*Id*., Exhibit B at Section 1.02(a)

[6]*Id*., Exhibit B at Preamble.

[7]Docket No. 40, Exhibit 1.

[8]*Id*.

[9]*Id.*

[10]*Id*.  While Plaintiff disputes this allegation, it has presented no evidence to refute this allegation.

[11]Docket No. 39, Exhibit F.

states that "[i]t shall apply to all firms who sign a Letter of Assent to be bound by the terms of this agreement."[12]

It is undisputed that Larsen Electric was not a party to the Letter of Assent, the 2003 Collective Bargaining Agreements, or the 2005 Collective Bargaining Agreement.

## II.  STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[13]  In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[14]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[15]

## III.  ANALYSIS

### A.   TERMINATION OF THE LETTER OF ASSENT COLLECTIVE BARGAINING AGREEMENT

Defendant WF Electric argues that it terminated its Letter of Assent and withdrew from the 2003 Collective Bargaining Agreement.  Defendant WF Electric argues that it complied with

---

[12]*Id.* at Preamble.

[13]*See* Fed. R. Civ. P. 56(c).

[14]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[15]*See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.,* 925 F.2d 1288, 1292 (10th Cir. 1991).

the 90-day notice requirement contained in the 2003 Collective Bargaining Agreement and, as a result, is not bound by the 2005 Collective Bargaining Agreement.[16]

The Letter of Assent is an agreement between Defendant WF Electric and Intermountain Chapter, NECA, Inc., in which WF Electric agrees to let Intermountain Chapter, NECA, Inc. be its collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved inside labor agreement between the Intermountain Chapter, NECA, Inc. and Local Union 354, IBEW.  In order to terminate that agreement, Defendant WF Electric would need to given written notice to the Intermountain Chapter, NECA, Inc. and the Local Union at least 150 days prior to the then current anniversary date of the applicable approved labor agreement.  This would put Defendant WF Electric's notice of withdrawal due by January 2, 2005.  It is undisputed that Defendant WF Electric did not provide any notice of termination and withdrawal until at least February 28, 2005.

The 2003 Collective Bargaining Agreement provides that "[e]ither party or an Employer withdrawing representation from the Chapter or not represented by the chapter, desiring to change or terminate this agreement must provide written notification at least 90 days prior to the expiration date of the Agreement or any anniversary date occurring thereafter."

Reading the Letter of Assent and the 2003 Collective Bargaining Agreement together the Court finds that two separate steps were required in order for WF Electric to terminate its relationship with the Intermountain Chapter, NECA, Inc. and withdraw from the 2003 Collective Bargaining Agreement.  First, Defendant WF Electric was required to terminate the Letter of

---

[16]The Court notes that there is a dispute as to whether Scott Larsen sent the Notice of Termination and Withdrawal to the correct address and whether Plaintiff received it.  It is unnecessary for the Court to resolve this dispute.

Assent 150 days in advance by sending written notice to the Intermountain Chapter, NECA, Inc. and to the Local Union. Second, Defendant WF Electric was required to provide written notice 90 days in advance that it is withdrawing from the Collective Bargaining Agreement.

Here, it is undisputed that Defendant WF Electric did not follow the first step. Therefore, its attempted termination and withdrawal was ineffective and Defendant remained bound by its Letter of Assent. Even if the Court were to find that Defendant WF Electric effectively withdrew from the 2003 Collective Bargaining Agreement, WF Electric did not effectively terminate its relationship with the Intermountain Chapter, NECA, Inc. As a result, the Intermountain Chapter, NECA, Inc., still had the authority to enter into the 2005 Collective Bargaining Agreement on WF Electric's behalf and to bind them to that agreement.

B.     APPLICATION OF THE 2005 AGREEMENT TO WF ELECTRIC

Having found that Defendant WF Electric did not properly terminate its relationship with the Intermountain Chapter, NECA, it must next be determined what application the 2005 Collective Bargaining Agreement has on WF Electric.

As noted above, the 2005 Collective Bargaining Agreement applies "to all firms who sign a Letter of Assent to be bound by the terms of this agreement." Here, WF Electric had a valid Letter of Assent with the Intermountain Chapter, NECA, Inc. As Defendant WF Electric was still bound by its Letter of Assent, Defendant WF Electric is bound by the 2005 Collective Bargaining Agreement according to the plain language of those contracts.

Footnote 2 to the Letter of Assent states that "[t]he Local Union must obtain a separate assent to each agreement the employer is assenting to." Defendant argues that this language requires the Local Union to get a new Letter of Assent for each agreement, including the 2005 Collective Bargaining Agreement, and that by failing to do so Defendant is not bound by the

6

2005 Agreement. Defendant reads this portion of the Letter of Assent out of context. While the Local Union would have to get a Letter of Assent for each *type* of agreement (such as inside, outside utility, outside commercial, outside telephone, residential, motor shop, sign, tree trimming, etc.), under the terms of the Letter of Assent, the Defendant agreed to allow the Intermountain Chapter, NECA, Inc., to be its collective bargaining representative for all matters contained in or pertaining to the current *and any subsequent approved inside labor agreement.* So, while a new Letter of Assent would be required for a residential labor agreement for instance, no new Letter of Assent would be required for any subsequent approved inside labor agreement, which is what the 2005 Collective Bargaining agreement is.

Defendant WF Electric also argues that it did not have an opportunity to participate in discussions or agree to the 2005 Collective Bargaining Agreement. Although the Court questions the relevance of this argument, the Court notes that at the time the 2005 Agreement was being discussed Scott Larsen was not associated with WF Electric. Further, it was Wallace Larsen who was previously involved in these types of meetings and Defendants have presented no evidence that he was not invited to the meetings concerning the 2005 Agreement.

   C.  APPLICATION OF THE 2005 AGREEMENT TO LARSEN ELECTRIC

Having decided that Defendant WF Electric remained bound by the terms of the 2005 Collective Bargaining Agreement, the Court must now decide whether Larsen Electric is then bound by that agreement. Genuine issues of material fact exist which prevent the Court from granting summary judgment to either party as to whether Larsen Electric is the alter-ego of WF Electric and should, therefore, be bound to the terms of the 2005 Collective Bargaining Agreement. Therefore, Plaintiff's Motion for Summary Judgment on this issue will be denied.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Summary Judgment (Docket No. 38) is DENIED.  It is further

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 35) is GRANTED IN PART AND DENIED IN PART.  It is further

ORDERED that the hearing set for August 1, 2007, is STRICKEN.

DATED July 19, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge